FILED
Apr 29, 2025
09:21 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **MARTIN VAZQUEZ ROJAS,** | ) | **Docket No. 2024-30-6935** |
| | ) | |
| **v.** | ) | **State File No. 860409-2024** |
| | ) | |
| **MARTIN CANTU MODESTO.** | ) | **Judge Pamela B. Johnson** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on April 23, 2025, to determine whether Mr. Vazquez Rojas is entitled to medical and temporary disability benefits for his traumatic partial right-thumb amputation. The central issue is whether Mr. Vazquez Rojas was an employee of Mr. Cantu Modesto or an independent contractor.

For the reasons below, the Court holds Mr. Vazquez Rojas is not likely to prevail at a hearing on the merits that he was Mr. Cantu Modesto's employee. Thus, at present he is not entitled to medical and temporary disability benefits.

### History of Claim

Mr. Cantu Modesto is a handyman who does remodeling. He described his business as unincorporated and not in a financial position to hire employees or offer salaries or benefits. He typically works alone but occasionally solicits help from others. When he hires helpers, the helpers only work a few hours or days to finish the project. The method of pay varies. The homeowner might pay Mr. Cantu Modesto who then distributes the pay to any helper assisting him, or the homeowner might pay Mr. Cantu Modesto and the helpers separately.

During the summer of 2024, Mr. Vazquez Rojas occasionally helped Mr. Cantu Modesto on a residential kitchen remodeling project. Mr. Vasquez Rojas brought his own tools to the project and completed work assignments independently of other work for the project.

On September 9, while cutting wood using a table saw, Mr. Vazquez Rojas suffered a traumatic partial amputation of his right thumb. He was transported to the local emergency room and underwent surgery.

Mr. Vazquez Rojas testified that he was working for Mr. Cantu Modesto when injured, so Mr. Cantu Modesto should be responsible for paying his medical and disability benefits. Mr. Vasquez Rojas has not been able to work full time since the injury, only working one or two days per week after he healed. He complained of ongoing pain in his right hand radiating into his arm and that he cannot afford treatment. He said that Mr. Cantu Modesto has not paid for any of his treatment or time off work.

Mr. Cantu Modesto said that Mr. Vazquez Rojas worked with him, but he worked as an independent contractor. Mr. Vazquez Rojas supplied his own tools and controlled the work of his brothers, who worked with him occasionally.

## Findings of Fact and Conclusions of Law

At the expedited hearing, Mr. Vazquez Rojas must show he would likely prevail on his requests at a final hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2024).

Mr. Vazquez Rojas clearly suffered a traumatic partial amputation of his right thumb on a job site. But to prevail at a final hearing, he must establish that an employee-employer relationship existed.

The Workers' Compensation Law sets forth certain factors to consider in determining whether an employment relationship exists, including:
- The right to control the conduct of the work,
- The right of termination,
- The method of payment,
- The freedom to select and hire helpers,
- The furnishing of tools and equipment,
- The self-scheduling of working hours, and
- The freedom to offer services to other entities.

Tenn. Code Ann. § 50-6-102(10)(d)(i).

Applying the facts to these factors, the Court finds as follows:

- The right to control the conduct of the work: Mr. Cantu Modesto testified that Mr. Vazquez Rojas helped him occasionally to complete projects, and Mr. Vazquez Rojas completed his work assignments independently of other work for the project. Mr. Vazquez Rojas did not offer any testimony on this issue.

2

- The right of termination: Mr. Cantu Modesto stated that he usually worked alone and only occasionally used helpers for a few hours or days to complete a project. Mr. Vazquez Rojas did not offer any testimony on this issue.

- The method of payment: According to Mr. Cantu Modesto, the method of payment varied. The homeowner might pay Mr. Cantu Modesto who then distributed the pay to any helper assisting him or the homeowner may pay Mr. Cantu Modesto and the helpers separately. However, neither party testified as to the amount paid nor whether the amount paid was based on an hourly rate, daily rate, or assignment.

- The freedom to select and hire helpers: Both parties testified that Mr. Vazquez Rojas and his two brothers helped Mr. Cantu Modesto on occasion at work sites. Mr. Cantu Modesto said that Mr. Vazquez Rojas controlled the work of his brothers. Mr. Vazquez Rojas did not dispute this testimony.

- The furnishing of tools and equipment: Both parties stated that Mr. Vazquez Rojas brought his own tools to the job site. However, the parties did not identify to whom the table saw belonged.

- The self-scheduling of working hours: Neither party offered testimony as to who set Mr. Vazquez Rojas' schedule or hours/days that he worked at the job site.

- The freedom to offer services to other entities: Mr. Cantu Modesto testified that he only used helpers occasionally for a few hours or days, meaning Mr. Vasquez Rojas had the freedom to work for others. Mr. Vazquez Rojas did not offer any testimony on this issue.

Based on the limited record, Mr. Cantu Modesto's unrefuted testimony shows Mr. Vazquez Rojas was an independent contractor. First, he exerted control over his own work, working only occasionally and completing work assignments independently. Secondly, he brought his own tools. Third, he selected his own workers, hiring his brothers and directing their work. Fourth, he had the freedom to offer services elsewhere, as Mr. Cantu Modesto testified that he only used helpers occasionally for a few hours or days. Fifth, Mr. Cantu Modesto did not retain a right of termination if he used helpers only occasionally for certain projects. Sixth, only Mr. Cantu Modesto testified about the method of payment, saying it varied and that sometimes homeowners paid helpers separately.

Neither party testified about the amount paid or if payment was based on an hourly rate, daily rate, or by assignment. Likewise, no one testified about self-scheduling of hours.

Thus, the Court holds that Mr. Vazquez Rojas did not present sufficient evidence to show he is likely to prevail at a final hearing that he was an employee of Mr. Cantu

3

Modesto. The Court's ruling does not prohibit Mr. Vazquez Rojas from offering additional testimony at a future hearing date.

Because Mr. Vazquez Rojas did not establish an employee-employer relationship, the Court need not address his entitlement to medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Vazquez Rojas's claim against Mr. Cantu Modesto for the requested benefits is denied at this time.

2. The Court sets a scheduling hearing for **July 28, 2025**, at **1:00 p.m. Eastern Time**. The parties must dial 855-543-5041 to participate.

**ENTERED April 29, 2024.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

### APPENDIX

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court will consider in reaching its decision. Currently, the technical record contains the following documents:

1. Petition for Benefit Determination with attachments
2. Expedited Request for Investigation Report
3. Photographs filed October 29, 2024
4. Dispute Certification Notice
5. Hearing Request with attachments
6. Docketing Notice
7. Photographs filed January 23, 2025
8. Show Cause Order
9. Docketing Notice
10. Affidavit of Martin Vazquez Rojas, interpreted January 30, 2025
11. Status Order
12. Docketing Notice
13. Medical Expenses
14. Photographs filed March 4, 2025
15. Status Order

16. Expedited Hearing Docketing Notice
17. Notice of Expedited Hearing
18. Statement of Martin Cantu Modesto

The parties did not object to admissibility of any filings contained in the Technical Record.

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on April 29, 2025.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Martin Vazquez Rojas, Self-Represented Employee | X | X | 110 Melissa Lane Clinton, TN 37716 martin.vazquez.r@hotmail.com |
| Martin Cantu Modesto, Self-Represented Employer | X | X | 216 South David Lane, Apt. #1 Knoxville, TN 37922 cantu.modesto8830@gmail.com |
| Claudia Byers, LaShawn Pender, UEF | | X | claudia.byers@tn.gov lashawn.pender@tn.gov |
| Santiago Rodriquez, Ombudsman | | X | santiago.rodiquez@tn.gov |

_Penny Shrum_

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries        $ _____ per month     Telephone       $ _____ per month

Electricity       $ _____ per month     School Supplies $ _____ per month

Water           $ _____ per month     Clothing        $ _____ per month

Gas            $ _____ per month     Child Care      $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car            $_____ per month

Other          $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____      (FMV) _____

Other                  $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____

NOTARY PUBLIC

My Commission Expires:_____